IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOMINIC MARTINEZ, | CV 21-132-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, DON BELL, LAKE CONTY JAIL, COMMANDER SHEER, COMMANDER TODD, | |
| Defendants. | |

This matter comes before the Court on an Amended Complaint filed by Mr. Martinez pursuant to 42 U.S.C. § 1983. (Doc. 5 at 3.)

It appears Mr. Martinez intends to assert an Eighth Amendment violation for injuries he sustained, resulting from chemical exposure, which occurred between February 2021 and September 2021 while he was incarcerated at the Lake County Jail. *Id*., at 5-7. It also appears that Mr. Martinez is seeking to have his associate, Joseph Brown, join his lawsuit. See, letter from Brown, (Doc. 4.)

"Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of

1

the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted). At this juncture, it is not clear that Plaintiffs meet this test.

But even if joinder was permissible under Rule 20, it is this Court's practice to not allow pro se prisoner litigants to proceed in a single action. Rule 21 of the Federal Rules of Civil Procedure provides that "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts have broad discretion regarding severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

Actions brought by multiple pro se prisoners present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release from custody, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. Moreover, even if multiple prisoner plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of all plaintiffs, since plaintiffs are

not permitted to sign documents on the other's behalf. *See* Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented"). Additionally, Rule 11 requires a party to certify that their filing is not presented for an improper purpose, that the legal contentions are non-frivolous and warranted by exiting law, and the factual contentions have evidentiary support. Fed.R.Civ.P. 11(b). A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally.

Further, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions. To proceed with a civil action, each plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). Thus, in order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing

3

fee. *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

Not allowing joinder avoids these issues. It forecloses pro se prisoner-plaintiffs from an opportunity available to other civil litigants under Fed. R. Civ. P. 20, but it does so in a way that effectuates the filing fee provisions of 28 U.S.C. § 1915, as well as avoiding Rule 11 issues. Also, if pro se plaintiffs are not required to serve multiple other plaintiffs in the same action, they save on postage and copying – considerable expenses for most prisoners – and probably experience less delay in resolution of their claims. Severance does not prevent plaintiffs from coordinating their litigation and proceeding simultaneously and in parallel fashion, to the extent their institutional placement permits them to do so. Also, the Court could order the consolidation of cases, under appropriate circumstances, to make discovery and trial more efficient for the litigants.

Therefore, Mr. Brown will not be permitted to join the present lawsuit. Plaintiff Martinez shall proceed as the sole plaintiff in this action. Should Mr. Brown wish to proceed, he must file a separate action.

Mr. Martinez did submit a motion to proceed in forma pauperis but failed to provide a copy of his inmate account statement along with the motion. (Doc. 1) On November 1, 2021, Mr. Martinez was advised he needed to provide his account statement. (Doc. 4.) To date, no account statement has been received.

Accordingly, the Court issues the following:

ORDER

1. The Court **RESERVES** ruling on Mr. Martinez's Motion for Leave to Proceed in Forma Pauperis. (Doc. 1.) Within **21 days** of this Order, Mr. Martinez must provide the Court with a copy of his inmate trust account statement for the six-months immediately preceding the filing of his Complaint. If he has not been incarcerated for the entire six months, he must inform the Court and submit account statements for the length of time he has been incarcerated.

2. For the reasons set forth above, Mr. Brown will not be permitted to join this lawsuit. Should he wish to proceed, Mr. Brown must file his own action under 42 U.S.C. § 1983.

3. A failure to comply with this Order will result in dismissal of this matter.

4. At all times during the pendency of this action, Mr. Martinez shall immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 24th day of November, 2021.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge